IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BONNIE L. GUERRA,

        Plaintiff,

vs.

        Case No. 05-1286-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Dkt. No. 12). Plaintiff responds that the record is fully developed so the court may reverse and remand the Commissioner's decision and immediately award benefits without rehearing. After reviewing the parties' arguments, the court reverses and remands this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

The issue in this case is whether plaintiff is entitled to supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq. In her application filed April 28, 2003, plaintiff alleged that she was born in 1967, and that she became disabled on July 4, 2000, at age 33 (Tr. 56). At the hearing, plaintiff changed her alleged onset date to April 28, 2003 (Tr. 17-18, 287). She complained of vision problems, headaches, swelling, pain, fatigue, numbness, loss of balance, feeling like she is passing out, memory problems, depression, and difficulty controlling her blood sugars (Tr. 70, 94). The ALJ found that plaintiff had diabetes,

obesity, peroneal neuropathy status post ankle surgery, mild carpal tunnel syndrome, depressive disorder, and personality disorder not otherwise specified (Tr. 20). Defendant submits that remand is necessary for further consideration of plaintiff's claim.

Defendant requested that the Appeals Council accept remand voluntarily. Upon receiving the court's order, the Appeals Council has agreed to remand plaintiff's case to an ALJ for further development.

The ALJ will be directed to reevaluate the medical evidence, indicating how much weight he assigned to each opinion. Dr. Weigand, plaintiff's long-time physician, opined that she was unable to work due to diabetic neuropathy, difficulty with her vision, pain and her inability to drive (Tr. 69, 264). If the ALJ rejects the treating physician's opinion, he must give good, legitimate reasons for doing so. According to Dr. Weigand, Dr. Guthrie of Mid-America Diabetes Associates examined plaintiff and agreed that her extremity pain was caused by diabetic neuropathy (Tr. 248-52, 264). Dr. Jenkins examined plaintiff and his impressions were history of diabetes with questionable control, myalgias, obesity, history of postconcussion syndrome, and history of hypercholesterolemia (Tr. 192-95). Dr. Moeller examined plaintiff and assessed her with moderate limitations in mental functioning (Tr. 265-68). The ALJ did not discuss the factors in 20 C.F.R. § 416.927(d) and did not indicate how much weight, if any, he assigned to these opinions. The ALJ indicated that he was "in general agreement" with the opinions of non-examining state agency medical consultants (Tr. 23), but they would not have had the benefit of viewing all of the evidence before the ALJ. The ALJ must discuss the evidence he considered in reaching his conclusions, including the uncontroverted evidence he disregarded in reaching his decision and the significant evidence that he did not accept. Drapeau v. Massanari, 255 F.3d

1211, 1213 (10th Cir. 2001).

After reevaluating the medical evidence, the ALJ will reevaluate plaintiff's credibility in accordance with Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), SSR 96-7, and 20 C.F.R. § 416.929.  The ALJ will indicate what parts of plaintiff's testimony he found credible and what parts he found not credible, and will link his credibility findings closely and affirmatively to substantial evidence. Dr. Weigand's progress notes indicate that plaintiff has difficulty controlling her diabetes (Tr. 149-60, 239-45). The ALJ noted that plaintiff continued to report that she was able to fish, garden, and do crafts (Tr. 23). However, a review of plaintiff's report reveals that she indicated that the hours she spent on these activities was zero (Tr. 112). Her activities did not reflect the ability to perform work in a competitive environment on a daily basis.

The ALJ will reevaluate plaintiff's residual functional capacity (RFC), indicating what limitations, if any, are imposed by her impairments, including her obesity. Before expressing plaintiff's exertional level, the ALJ will provide the narrative discussion required by 20 C.F.R. § 416.945 and Social Security Ruling (SSR) 96-8p. The ALJ referred to the "vocational experts at the lower level," but there is no vocational expert testimony in the record (Tr. 24). The ALJ will link plaintiff's limitations to specific evidence and explain any inconsistencies between the RFC and the treating physician's opinion.

The ALJ will make the required comparison between the requirements of plaintiff's past work and her functional limitations.  See Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994); 20 C.F.R. § 416.960(b). In view of plaintiff's nonexertional limitations, the ALJ will obtain vocational expert testimony.

3

While the court is empathetic to plaintiff's claim that there has been an extended delay that warrants an immediate award determination, the court declines to do so. <u>Ross v. Apfel</u>, 999 F. Supp. 1449, 1451 (D. Kan. 1998) (noting that delay in itself does not constitute sufficient reason to direct an award of benefits). The ALJ should be given an opportunity to develop the record with the considerations outlined in this order.

The court enters a final judgment pursuant to Fed.R.Civ.P. 58 reversing and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Entry of the final judgment remanding this case will begin the appeal period which determines the 30-day period during which a timely application for attorney fees under the EAJA may be filed.

IT IS ACCORDINGLY ORDERED this 9th day of March 2006, that the court grants defendant's motion and reverses and remands the final decision of the Commissioner as set forth herein.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE